WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Diana M. Mendoza, | No. CV-12-00078-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Michael J. Astrue, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Diana M. Mendoza ("Plaintiff")'s motion for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 38). The Court now rules on the motion.

## I.    Background

On June 12, 2007, Plaintiff filed an application for disability insurance benefits under Title II of the Social Security Act. (Doc. 12-3 at 18). Plaintiff's claim was denied initially on September 13, 2007, and again upon reconsideration on June 19, 2008. (*Id.*) After a hearing, an Administrative Law Judge ("ALJ") denied Plaintiff's benefits claim on April 13, 2010, finding that although she suffered from severe fibromyalgia, she could perform past relevant work. (*Id.* at 15–30). On June 11, 2010, Plaintiff filed an appeal with the Appeals Council, Office of Hearings and Appeals, Social Security Administration, which ultimately denied review of the ALJ's decision on November 17, 2011. (*Id.* at 13). On January 12, 2012, Plaintiff filed a complaint with the Court seeking judicial review of the ALJ's decision. (Doc. 1).

On April 30, 2013, the Court affirmed the ALJ's decision to deny Plaintiff disability benefits. (Doc. 27). The Court specifically held that the ALJ's decision was adequately supported by the evidence on the record and was not in legal error. (*Id.* at 6–21). The United States Court of Appeals for the Ninth Circuit reversed that decision on appeal and remanded for an award of benefits. (Doc. 34-1). Plaintiff now seeks $19,127.50 in attorneys' fees pursuant to the EAJA. (Doc. 43 at 12).

## II.    Legal Standard

The Ninth Circuit has succinctly stated the legal standard for an award of attorneys' fees under the EAJA as follows:

> EAJA provides that a court shall award to a prevailing party other than the United States fees and other expenses incurred by that party in any civil action unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. It is the government's burden to show that its position was substantially justified. Substantial justification means justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person. Put differently, the government's position must have a reasonable basis both in law and fact. The position of the United States includes both the government's litigation position and the underlying action giving rise to the civil action. Thus, if the government's underlying position was not substantially justified, we must award fees and need not address whether the government's litigation position was justified.

*Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014) (citations, quotation marks, and alterations omitted).

## III.    Analysis

### A.    Whether Plaintiff is entitled to an Award of Fees under the EAJA

Because the Ninth Circuit reversed the ALJ's denial and remanded for an award of benefits, there is no dispute that Plaintiff is the prevailing party within the meaning of the EAJA. *See Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001) (stating that an applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded). Nonetheless, "the fact that one other court agreed or disagreed

1    with the Government does not establish whether its position was substantially justified."
2    *Pierce v. Underwood*, 487 U.S. 552, 596 (1988).

3    Although Plaintiff agrees that the reversal does not resolve the issue of attorneys'
4    fees, she argues that the ALJ committed three errors that justify an award of fees.
5    Specifically, Plaintiff asserts that awarding fees is appropriate because: (1) the ALJ's
6    decision to assign "little weight" to treating physician Dr. Nolan's opinions was not
7    supported by "reasonable, substantial and probative evidence"; (2) Plaintiff's credibility
8    was rejected without "specific, clear and convincing reasons"; and (3) the testimony of
9    Plaintiff's father-in-law was rejected without "specific, clear and convincing reasons."
10   (Doc. 43 at 2). In response, the Government posits that this Court's prior agreement with
11   its position on these issues indicates that a reasonable person could find that its litigation
12   position was substantially justified. (Doc. 40 at 3).

13   The Ninth Circuit has made "clear that when an agency's decision is unsupported
14   by substantial evidence it is a strong indication that the position of the United States is
15   not substantially justified." *Campbell v. Astrue*, 736 F.3d 867, 869 (9th Cir. 2013). Only
16   "decidedly unusual" cases overcome this "strong presumption." *See Thangaraja v.*
17   *Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) ("Indeed, it will be only a decidedly unusual
18   case in which there is substantial justification under the EAJA even though the agency's
19   decision was reversed as lacking in reasonable, substantial and probative evidence in the
20   record." (citation omitted)). In this case, the Ninth Circuit determined that "neither of the
21   reasons the ALJ gave for assigning little weight to Dr. Nolan's opinion were supported
22   by substantial evidence." (Doc. 34-1 at 19). Thus, as the Ninth Circuit found the ALJ's
23   decision to be lacking in "substantial evidence," there is a "strong indication" that the
24   Government's position was not "substantially justified" unless the case is "decidedly
25   unusual." *Thangaraja*, 428 F.3d at 874. Rather than explain how this case meets this
26   criteria, the Government focuses its argument entirely on the reasonableness of its
27   actions. (Doc. 40 at 4–9). Although the Court agrees with the Government that record
28   evidence supports the ALJ's decision to afford "little weight" to Dr. Nolan's opinion, the

1    circumstances of this case do not warrant a finding that the case is "decidedly unusual."

2    *See Campbell*, 736 F.3d at 869 (explaining that extrapolating medical records to make a

3    decision about a past condition constitutes a "decidedly unusual case"). Consequently,

4    because the Ninth Circuit held that the ALJ's decision was not supported by "substantial

5    evidence," the Court must award Plaintiff her attorneys' fees under the EAJA. *See Martin*

6    *v. Comm'r of Soc. Sec. Admin.*, 598 F. App'x 485, 487 (9th Cir. 2015) ("This case is not

7    one of those 'decidedly unusual' cases in which there is substantial justification under

8    EAJA even though the agency's decision was reversed for a lack of substantial

9    evidence." (citing *Meier v. Colvin*, 727 F.3d 867, 872 (9th Cir. 2013)).[1]

10       **B.       Whether the Requested Fees are Reasonable**

11       Plaintiff requests $19,127.50 in attorneys' fees. (Doc. 43 at 11). Specifically,

12   Plaintiff seeks to recover $505.65 for 2.80 hours of work performed in 2011; $5,197.82

13   for 28.20 hours of work performed in 2012; $2,693.08 for 14.40 hours of work performed

14   in 2013; $8,942.32 for 47.05 hours of work performed in 2014; and $608.89 for 3.2 hours

15   of work performed in 2015. (Doc. 38 at 1).[2] Plaintiff also requests recovery of $1,179.74

16   for 6.20 hours of work to review the Government's opposition to her application for

17   attorneys' fees, perform legal research, and draft and edit her reply. (Doc. 43 at 11).[3]

18       The Government does not object to the upward cost of living requested by

19   Plaintiff or to the number of hours that Plaintiff's counsel spent on this case. After review

20   of the relevant fee award factors, *see Hensley v. Eckerhart*, 461 U.S. 424, 429–30 & n.3

---

22   [1] The Ninth Circuit held that the ALJ committed three errors, *see* (Doc. 34-1 at 2–
23   4), but this error is itself sufficient to render the Government's position not substantially
     justified.

24   [2] The statutory maximum hourly rate, adjusted for increases in the cost of living,
25   for 2011 is $180.59, for 2012 is $184.32, for 2013 is $187.02, for 2014 is $190.06, and
     for 2015 is $190.28. *See* United States Courts for the Ninth Circuit, Equal Access to
26   Justice Act–Rates, http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039
27   (last visited June 21, 2016).

28   [3] This amount was calculated at $190.28 per hour, the applicable statutory
     maximum hourly rate for 2015.

(1983),[4] the Court finds that the requested number of hours is reasonable and that Plaintiff is entitled to the cost-of-living adjustment to the statutory hourly rate pursuant to the EAJA and *Thangaraja*, 428 F.3d at 876–77. The Court will also award Plaintiff her attorneys' fees for time spent litigating her EAJA fee application. *See Comm'r, Immigration & Naturalization Serv. v. Jean*, 496 U.S. 154, 161–62 (1990) (holding that a prevailing party in an EAJA action may recover attorneys' fees incurred during fee litigation).

IV.     **Conclusion**

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Application for Attorney Fees under the Equal Access to Justice Act (Doc. 38) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is awarded $19,127.50 in attorneys' fees. This award shall be made payable directly to Plaintiff and is subject to offset to satisfy any pre-existing debt that Plaintiff owes the United States pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010).

Dated this 5th day of July, 2016.

_____

James A. Teilborg
Senior United States District Judge

---

[4] In *Whitehead v. Colvin*, 2016 WL 1464469, at *2 n.1 (W.D. Wash. Apr. 14, 2016), the court noted that *Hensley* had been superseded, in part, by the Prison Litigation Reform Act. As this case does not involve prisoner litigation, this statutory change is irrelevant.